IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JERRY BATES                                                                         PLAINTIFF

V.                                      CAUSE NO. 5:17-CV-80-DCB-MTP

SANDERSON FARMS, INC.,
SANDERSON FARMS, INC. (PROCESSING),
KELVIN HARRELL, CECIL JACKSON, and
JOHN DOES 1-10                                            DEFENDANTS

<u>ORDER AND OPINION</u>

Before the Court is a Motion for Summary Judgment **[Doc. 41]** filed by Defendants Kelvin Harrell, Cecil Jackson, Sanderson Farms, Inc. (Processing Division), and Sanderson Farms, Inc.[1] For the reasons that follow, the Motion will be GRANTED.

**Background**

This employment dispute arises from racial discrimination Jerry Bates contends he endured as a clean-up worker at a McComb, Mississippi Sanderson Farms plant, and retaliation he says he experienced after he filed a complaint with the Equal Employment Opportunity Commission.

---

[1] Sanderson Farms, Inc. (Processing Division) is a wholly-owned subsidiary of Sanderson Farms, Inc. Because Bates asserts identical claims against both Sanderson Farms entities, this Order refers to them collectively as "Sanderson Farms."

Bates, an African-American, worked on the clean-up crew at Sanderson Farms' McComb plant for over twenty years, from May 1995 to December 2015. As a worker on the clean-up crew, Bates cleaned the plant's production and processing equipment to prepare the plant for the day's poultry processing operations.

Sanderson Farms also employed Kelvin Harrell, Bates' supervisor, and Cecil Jackson, Division Manager of the McComb plant. Harrell was the subject of a July 2015 EEOC complaint, in which Bates alleged that Harrell "constantly harassed" him and "placed negative information in [his] file" because Bates complained about Harrell to Jackson.

Four months after initiating that EEOC complaint, Bates attended Sanderson Farms' annual "Heart & Soul" meeting. Heart & Soul meetings are mandatory employment seminars conducted by Sanderson Farms management. After each Heart & Soul meeting, employees are asked to complete a survey and submit written comments to Sanderson Farms' President. Company policy dictates that the Division Manager — in this case, Jackson — meet in-person with each employee who submits a Heart & Soul meeting comment.

After the November 2015 Heart & Soul meeting, Bates submitted this comment:

> Pay clean-up 40 hrs pay like all other Dept. We do more than 40 hrs worth of work a week: We actually work a miracle everyday to make this plant start up on time everyday.

As Sanderson Farms' policy required, Jackson arranged in-person meetings with employees who, like Bates, submitted comments at the Heart & Soul meeting. To facilitate those meetings, Jackson emailed clean-up crew supervisors Chad Robinson and Dorsey Cameron. He instructed Robinson and Cameron to tell eight clean-up crew employees — including Bates — to remain at work after their shift ended on December 4, 2015 so that Jackson could meet with them about the comments they submitted.

Around midnight on December 4, 2015, Robinson relayed the message to Bates and other members of the clean-up crew: They were to remain at work after their shift ended that morning so that they could speak with Jackson. Bates did not comply. He instead left work without speaking to Jackson. Sanderson Farms fired Bates later that day.

Bates sued Sanderson Farms, Harrell, and Jackson, alleging general negligence and violations of Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and 42 U.S.C. § 1981.

In his Complaint, Bates alleges that Sanderson Farms promoted white members of the clean-up crew more quickly than African-American members. Beyond that, he says, Sanderson Farms manipulated the hours the clean-up crew worked so that Sanderson Farms was not required to pay them overtime. Bates also alleges that management, including Jackson, ignored three harassment complaints he filed against Harrell. Finally, Bates alleges that he was fired in retaliation for his July 2015 EEOC complaint and the comment he submitted following the November 2015 Heart & Soul meeting.

Sanderson Farms, Jackson, and Harrell move for summary judgment on all of Bates' claims.

I

Summary judgment is proper if Defendants show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). If Defendants show the absence of a disputed material fact, Bates cannot, in reply, simply direct the Court to conclusory allegations or a scintilla of evidence favorable to him. Lincoln v. Scott, 887 F.3d 190, 195 (5th Cir. 2018). He must instead "go beyond the pleadings and designate specific facts showing that there is a

genuine issue for trial." McCarty v. Hillstone Restaurant Grp., Inc., 864 F.3d 354, 357 (5th Cir. 2017) (emphasis added).

The Court views facts and draws reasonable inferences in Bates' favor. Vann v. City of Southaven, Miss., 884 F.3d 307, 309 (5th Cir. 2018). As always, the Court neither assesses credibility nor weighs evidence at the summary-judgment stage. Wells v. Minnesota Life Ins. Co., 885 F.3d 885, 889 (5th Cir. 2018).

II

A

Title VII of the Civil Rights Act of 1964 prohibits racial discrimination in employment. 42 U.S.C. § 2000e-2(a). It outlaws both intentional discrimination and unintentional discrimination that disproportionately adversely affects minorities. Ricci v. DeStefano, 557 U.S. 557, 577 (2009). The former form of discrimination is called disparate treatment, the latter, disparate effect. Id. at 577. This is a disparate treatment case.

Direct evidence of intentional discrimination is difficult to come by. A plaintiff without direct evidence may nonetheless prevail in a Title VII action "by providing circumstantial evidence sufficient to raise an inference of discrimination." Thomas v. Johnson, 788 F.3d 177, 179 (5th Cir. 2015).

When a Title VII plaintiff relies on circumstantial evidence to prove discrimination, the Court's analysis is governed by the McDonnell Douglass burden-shifting analysis. Alkhawaldeh v. Dow Chem. Co., 851 F.3d 422, 426 (5th Cir. 2017). That analysis places the initial burden on the employee to prove three things: "(1) he is a member of a protected class, (2) he was qualified for the position that he held, (3) he was subject to an adverse employment action, and (4) he was treated less favorably than others similarly situated outside of his protected class." Alkhawaldeh, 851 F.3d at 426.

If the employee makes this initial showing, the burden shifts to the employer to "articulate a legitimate, non-discriminatory reason for the adverse employment action." Id. And if the employer does so, the burden shifts back to the employee to prove that the employer's reason is pretextual. Id.

Defendants contend that they are entitled to summary judgment on Bates' Title VII racial-discrimination claim because Bates cannot offer evidence showing that he was treated less favorably by Sanderson Farms than other similarly situated white clean-up workers. The Court agrees.

To satisfy the fourth McDonnell Douglas requirement, Bates must "identify at least one coworker outside of his protected class who was treated more favorably under nearly identical

circumstances." Alkhawaldeh, 851 F.3d at 426. Bates has not done so. He instead directs the Court to conclusory allegations of racial preference in his Complaint and vague deposition testimony that he was "overlooked" when management would "come and get the white guys."

Bates offers no summary-judgment evidence showing he was treated less favorably by Sanderson Farms than other similarly-situated white clean-up workers, so he cannot meet his burden of proving the fourth McDonnell Douglas requirement. Summary judgment is therefore appropriate on Bates' Title VII racial-discrimination claim as to all Defendants.

Even if Bates had offered evidence sufficient to satisfy the fourth McDonnell Douglas requirement, the Court would grant summary judgment against him. Defendants have come forward with evidence showing that Bates was fired for leaving the McComb plant without permission, in violation of Sanderson Farms' "Work Rules for Hourly Employees." To this legitimate, non-discriminatory reason, Bates offers no non-risible rejoinder.

Bates breezily declares that Sanderson Farms invokes its "Work Rules for Hourly Employees" as pretext for racial discrimination. But other than his conclusory say-so, he offers no proof that suggests — much less shows — that Sanderson Farms' "proffered explanation is false or 'unworthy of credence.'"

7

Thomas, 788 F.3d at 179 (quoting Laxton v. Gap Inc., 333 F.3d 572, 578 (5th Cir. 2003)).

Also unpersuasive is Bates' contention that Sanderson Farms' reasons for firing him are pretextual because he was never told that he was supposed to meet with Jackson post-shift on December 4, 2015. Taking Bates at his word, Sanderson Farms' decision to fire him for not doing something he was not told to do would perhaps be "wrong." But it would not be discriminatory. See Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1091 (5th Cir. 1995).

Viewing all facts and drawing all reasonable inferences in Bates' favor, the Court concludes that, as to Bates' Title VII racial-discrimination claim, there is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law. The Court therefore GRANTS Defendants' Motion as to Bates' Title VII racial-discrimination claim, and DISMISSES the claim WITH PREJUDICE.

B

Title VII's anti-retaliation provision forbids an employer from taking adverse employment action against an employee because the employee has opposed practices made unlawful by Title VII or made a charge, testified, assisted, or participated in any manner

in any Title VII investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a).

To prevail on his retaliation claim, Bates must show three things: (1) he engaged in activity protected by Title VII; (2) Sanderson Farms took adverse employment action against him; and (3) a causal connection between the protected activity and the adverse employment action. Fisher v. Lufkin Indus., Inc., 847 F.3d 752, 757 (5th Cir. 2017).

Defendants argue that they are entitled to summary judgment because Bates cannot show a causal connection between protected activity and Sanderson Farms' decision to fire him on December 4, 2015. The only protected activity that can support a retaliation claim, Defendants assert, is Bates' July 2015 EEOC complaint. And the five-month period between the time Bates initiated that complaint and Sanderson Farms fired him, Defendants continue, is too great to show a causal connection. In reply, Bates insists that his Heart & Soul comment constitutes protected activity, and that he was fired for submitting it.

i

The Court first addresses the conduct that constitutes protected activity under Title VII's anti-retaliation provision.

9

Bates argues that his Heart & Soul comment is protected; Defendants insist that it is not.

To qualify as protected activity, Bates' comment must have at a minimum alerted Sanderson Farms to Bates' reasonable belief that unlawful discrimination was at issue. Brown v. United Parcel Service, Inc., 406 F. App'x 837, 840 (5th Cir. 2010) (unpublished) (per curiam). It did not.

Bates' comment reflects dissatisfaction with the amount the clean-up crew was paid and the number of hours it was permitted to work. Bates laments that the clean-up crew does not receive "40 hrs pay like all other Dept," and as justification says that the crew "actually work[s] a miracle everyday to make this plant start up on time." Discrimination is not mentioned. Because Bates' Heart & Soul comment is merely a "vague complaint, without reference to an unlawful employment practice under Title VII," it does not constitute protected activity under Title VII's anti-retaliation provision. Davis v. Dallas Ind. Sch. Dist, 448 F. App'x 485, 493 (5th Cir. 2011) (unpublished) (per curiam).

It is undisputed that Bates' July 2015 EEOC complaint constitutes protected activity. So the Court next considers whether Bates has come forward with enough evidence linking his firing to that complaint to avoid summary judgment.

To recover on his Title VII retaliation claim, Bates must show a causal connection between his July 2015 EEOC complaint and Sanderson Farms' decision to fire him. Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 362 (2013).

On this point, Bates offers much commentary but little in the way of admissible evidence. In fact, he fails to direct the Court to any evidence linking his July 2015 EEOC complaint to his firing in December 2015. This is the summary-judgment stage: Bates must come forward with more than his unsworn insistence that his tangles with Harrell "w[ere] an ongoing issue and . . . a but-for cause." See Doc. 48, p. 7.

Bates suggests that the temporal proximity between his EEOC complaint and his firing — five months — satisfies the causality requirement. But a five month gap, standing alone, is insufficient to show a causal connection between the employment action and the protected conduct. See Ajao v. Bed Bath and Beyond, Inc., 265 F. App'x 258, 265 (5th Cir. 2008) (unpublished) (per curiam).

The Fifth Circuit has addressed the temporal proximity issue, primarily through unpublished memorandum opinions. See, e.g., Barkley v. Singing River Elec. Power Ass'n, 433 F. App'x 254, 260 (5th Cir. 2011) (unpublished) (per curiam) (four month gap,

standing alone, held insufficient); Everett v. Cent. Mississippi, Inc. Head Start Program, 444 F. App'x 38, 47 (5th Cir. 2011) (unpublished) (per curiam) (five month gap, same).

Though unpublished and therefore non-precedential, the opinions agree on a fundamental point: When a Title VII retaliation plaintiff' relies only on the lapse of time between the protected activity and the adverse employment action to show a causal connection, "the temporal proximity must be 'very close.'" Barkley v. Singing River Elec. Power Ass'n, 433 F. App'x 254, 260 (5th Cir. 2011) (unpublished) (per curiam) (quoting Clark Cnty. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001)). And a five month lapse is not close enough. See Raggs v. Miss. Power & Light Co., 278 F.3d 463, 471-72 (5th Cir. 2002).

Because Bates offers no evidence of a causal connection between his July 2015 filing of an EEOC complaint and his December 2015 firing, he fails to establish a prima facie case of retaliation under Title VII. And even if Bates had shown a causal connection, summary judgment would be warranted. Sanderson Farms has offered evidence that it fired Bates because he violated its "Work Rules for Hourly Employees," a legitimate, non-retaliatory reason for its employment action. See McCoy v. City of Shreveport, 492 F.3d 551, 557 (5th Cir. 2007).

Viewing all facts and drawing all reasonable inferences in Bates' favor, the Court concludes that, as to Bates' Title VII retaliation claim, there is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law. The Court therefore GRANTS Defendants' Motion as to Bates' Title VII retaliation claim, and DISMISSES the claim WITH PREJUDICE.

C

The FLSA sets wage, hour, and overtime standards that employers must generally follow. See 29 U.S.C. §§ 206 (minimum wage), 207(a) (overtime). And like other federal employment statutes, it contains an anti-retaliation provision. See 29 U.S.C. § 215(a)(3). That provision declares it unlawful to fire any employee because he has "filed any complaint." 29 U.S.C. § 215(a)(3).

To prevail on his FLSA retaliation claim, Bates must show (1) he participated in a protected activity under the FLSA; (2) an adverse employment action; and (3) a causal link between the protected activity and the adverse action. Starnes v. Wallace, 849 F.3d 627, 631 (5th Cir. 2017).

The first prong, participation in a protected activity, requires proof that Bates filed a "complaint." Lasater v. Texas A&M University-Commerce, 495 F. App'x 458, 461 (5th Cir. 2012)

13

(unpublished) (per curiam). To qualify as a "complaint" under the FLSA, the employee's communication "must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the FLSA and a call for their protection." Kasten v. Saint-Gobain Performance Plastics Corp., 563 U.S. 1, 14 (2011).

Bates' Heart & Soul comment does not qualify as a "complaint" under the FLSA. Because his comment does not allude to a right protected by the FLSA, and does not suggest that Sanderson Farms has violated any FLSA-protected right, no reasonable employer could have understood Bates' Heart & Soul comment as an assertion of FLSA-protected rights and a call for their protection. Kasten, 563 U.S. at 14.

Bates' Heart & Soul comment does two things. First, it demands that Sanderson Farms permit members of the clean-up crew to work the same number of hours as other departments. Second, it provides a subjective assessment of the value that the clean-up crew provides —— "work[ing] a miracle everyday." But it does not frame Sanderson Farms' conduct in terms of "potential illegality," Hagan v. Echostar Satellite, L.L.C., 529 F.3d 617, 626 (5th Cir. 2008), nor does it mention FLSA-protected activity such as overtime or

minimum-wage payments.[2] It cannot therefore qualify as a complaint under the FLSA, and Bates cannot meet his burden of proving the first element of his FLSA retaliation claim.[3]

Viewing all facts and drawing all reasonable inferences in Bates' favor, the Court concludes that, as to Bates' FLSA retaliation claim, there is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law. The Court therefore GRANTS the Defendants' Motion as to Bates' FLSA retaliation claim, and DISMISSES the claim WITH PREJUDICE.

D

Bates has also sued the defendants under 42 U.S.C. § 1981. The same analysis that applies to claims of intentional discrimination under Title VII governs claims brought under § 1981. Raggs, 278 F.3d at 468. Because the theories require the same proof to establish liability, and the Court has already determined that

---

[2] Bates' comment could be construed as a complaint about the number of hours the clean-up crew is permitted to work relative to other Sanderson Farms departments. The FLSA, however, does not protect an employee's right to work a minimum number of hours. See Reyes v. Remington Hybrid Seed Co., 495 F.3d 403, 405 (7th Cir. 2007) (Easterbrook, C.J.). And even if it did, Bates' comment would not be actionable because it does not frame Sanderson Farms' conduct in terms of potential illegality.

[3] Bates' July 2015 EEOC charge does not qualify as FLSA-protected activity, either. See, e.g., Maynor v. Dow Chem. Co., No. G-07-CV-504, 2010 WL 11541919, at *9 (S.D. Tex. July 19, 2010); Kassmann v. KPMG LLP, 925 F. Supp. 2d 453, 473 (S.D.N.Y. 2013) (complaints about discrimination and harassment do not qualify as FLSA-protected activity).

the Defendants are entitled to judgment as a matter of law on Bates' Title VII claims, the Court finds that summary judgment is warranted on Bates' § 1981 claim. See Outley v. Luke & Assocs., Inc., 840 F.3d 212, 216 n. 3 (5th Cir. 2016). The Court therefore GRANTS Defendants' Motion as to Bates' § 1981 claims, and dismisses the claims WITH PREJUDICE.

E

Although Bates' papers do not address the issue, his Amended Complaint indicates that he seeks to hold Defendants Harrell and Jackson liable for Title VII violations. Title VII, however, levies liability on employers —— not individual employees. See Grant v. Lone Star Co., 21 F.3d 649, 652 (5th Cir. 1994). Bates cannot in good faith contend that Harrell or Jackson is an "employer" under Title VII. See 42 U.S.C. § 2000e(b) (defining "employer"). To the extent Bates asserts Title VII claims against Harrell and Jackson, the claims are without merit, and Defendants are entitled to judgment as a matter of law on them.

F

In his Amended Complaint, Bates advances several state-law theories of liability. He alleges, for example, that Sanderson Farms negligently failed to "adequately train and supervise its employees concerning racial discrimination." Doc. 12, ¶34. But

16

Mississippi law does not impose tort duties on employers to protect their employees from, and train them in, racial discrimination. And even if it did, a claim initiated by an employee for breach of that duty would be barred by the exclusive remedy provision of the Mississippi Workers' Compensation Act. See MISS. CODE ANN. § 71-3-9. Bates offers neither evidence nor authority to support any state-law negligence claim against any Defendant.

Viewing all facts and drawing all reasonable inferences in Bates' favor, the Court concludes that, as to Bates' state-law negligence claims, there is no genuine dispute as to any material fact, and Defendants are entitled to judgment as a matter of law. The Court therefore GRANTS Defendants' Motion as to Bates' state-law negligence claims, and DISMISSES the claims WITH PREJUDICE.

III

This case is not about whether Sanderson Farms' decision to fire Bates was a good decision or a bad one; it is about whether the decision was discriminatory or retaliatory. The Court concludes that it was neither.

Accordingly,

IT IS ORDERED AND ADJUDGED that Defendants' Motion for Summary Judgment **[Doc. 41]** is GRANTED, and Plaintiff Jerry Bates' claims are DISMISSED WITH PREJUDICE.

A Final Judgment dismissing this action with prejudice, in accordance with Federal Rule of Civil Procedure 58, shall issue this day.

SO ORDERED AND ADJUDGED, this the 23rd day of May, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE